## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRIS DELEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )       Civil Action No. 18-cv-2405 (ABJ) |
| | ) |
| ELTON ARTIS, II, | ) |
| *Acting Chief of Police of the United States* | ) |
| *Department of Veterans Affairs* | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

On October 16, 2018, plaintiff Chris DeLeon, proceeding *pro se*, filed an application for a temporary restraining order ("TRO"), *see* Superior Court Complaint [Dkt. # 1-1] at 6 ("Sup. Ct. Compl."), with the judge in chambers in the District of Columbia Superior Court. The attached complaint against Elton Artis, II, in his official capacity as Acting Chief of Police of the United States Department of Veterans Affairs, stated: "Plaintiff ha[s] filed a criminal complaint with MPD and alleges that defendant is a co-conspirator in that action. Plaintiff ha[s] retained counsel who will file an EEO and other claims under civil rights & disabilities act statutes . . . . Defendant[] seeks to physically confront plaintiff because plaintiff ha[s] filed the above actions." Sup. Ct. Compl. at 5. In response to the question on the complaint form, "what relief are you requesting from the Court" plaintiff answered only: "Plaintiff seeks a restraining order against defendant not to contact . . . no contact at all. . . ." *Id.* No other claim was filed in the action, and defendant removed the action to this Court on October 19, 2018 on the grounds that he is a federal officer. *See* Notice of Removal [Dkt. # 1] ("Notice of Removal"). On October 31, 2018, the Court ordered plaintiff to inform the Court if he intends to pursue the TRO and if so, to show that the requirements

of Federal Rule of Civil Procedure 65 and D.C. Local Rule 65.1 have been satisfied. Min. Order (10/31/2018). On November 16, 2018, plaintiff indicated that he will no longer be pursuing a TRO. *See* Pl.'s Resp. to Min. Order [Dkt. # 5] ("Pl.s' Resp."). Therefore, there is nothing pending before the Court to resolve, and the matter must be dismissed, without prejudice, for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* In addition, "[i]t is axiomatic that subject matter jurisdiction may not be waived, and that courts may raise the issue *sua sponte*." *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), quoting *Athens Cmty. Hosp., Inc. v. Schweiker*, 686 F.2d 989, 992 (D.C. Cir. 1982). Indeed, a federal court must raise the issue because it is "forbidden – as a court of limited jurisdiction – from acting beyond [its] authority, and 'no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Id.*, quoting *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). Therefore, a district court may dismiss a complaint *sua sponte* when it is evident that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety").

The Court generally derives its subject matter jurisdiction from two federal laws, 28 U.S.C. §§ 1331 and 1332. "Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh*, 546 U.S. at 513. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of

the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (internal citations omitted).

Although the Court is mindful that complaints filed by *pro se* litigants must be held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), plaintiff's allegations in this case neither present a "federal question suitable for decision," *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994), nor complete diversity of citizenship. Plaintiff's complaint does not seem to assert *any* claims against defendant, let alone any claims that arise under a federal law or the Constitution. Although plaintiff has indicated that he intends to file equal employment opportunity claims and other claims under civil rights and disability laws, no other complaint has been filed that would provide a basis for action by this court. *See* Sup. Ct. Compl. at 5. As for diversity of citizenship, while plaintiff and defendant currently reside in different states, *id.*, plaintiff has not presented any claim that exceeds the required jurisdictional amount.

Finally, a complaint that fails to comply with rule 8(a) may also be dismissed *sua sponte*. *See Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing case *sua sponte* for failure to state a claim for relief under Rule 8); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where district court dismissed a claim for failure to comply with Rule 8). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The allegations in plaintiff's complaint do not explain or state a cause of action under which plaintiff sues. Sup. Ct. Compl. at 5. Furthermore,

the relief that he has requested, a TRO, has been withdrawn, and no other relief has been requested. *See* Pl.'s Resp. at 1.

Accordingly, the Court will dismiss this case *sua sponte*, without prejudice, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and failure to comply with Rule 8.

A separate order will issue.

AMY BERMAN JACKSON
United States District Judge

DATE: November 21, 2018